IN THE
UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMY GREGORY, ) | |
| ) | |
| Plaintiff, ) | Cause No. 1:12-cv-0567 TWP-DKL |
| ) | |
| v. ) | |
| ) | |
| CLARIAN HEALTH PARTNERS, INC. ) | |
| d/b/a INDIANA UNIVERSITY ) | |
| HEALTH, and HEALTHNET, INC., ) | |
| ) | |
| Defendants ) | |

## COMPLAINT FOR DAMAGES – WITH JURY DEMAND

Plaintiff Amy Gregory, by counsel, and for her Complaint against Clarian Health Partners, Inc., doing business as Indiana University Health, and Healthnet, Inc., states as follows:

### JURISDICTION AND VENUE

1. This suit is brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000 *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, § 2(b)(1).

2. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. Plaintiff Amy Gregory is a citizen of the United States and the state of Indiana, and at all relevant times was a resident of Hamilton and Marion Counties.

4. Defendant IU Health is an Indiana not-for-profit corporation, which maintains its principal office at 340 West 10th Street, Indianapolis, Indiana 46206.

5. Defendant Healthnet, Inc., is an Indiana not-for-profit corporation, which maintains its principal office at 3401 East Raymond Street, Indianapolis, Indiana 46203.

## FACTS

6. Amy Gregory began work at Healthnet, Inc., in August 2010 as an electronic medical records analyst.

7. Gregory met or exceeded all her employer's reasonable expectations.

8. On November 5, 2010, Gregory was hospitalized due to a pulmonary embolism.

9. She returned to work a week after her hospitalization ended but had to undergo regular blood-testing because of her prescribed medication.

10. After her return, her supervisors, Doctor Donald Trainor and Lauren Borgmann, complained about her frequent doctor's visits in connection with her condition. They placed her on a strict work schedule with strict reporting requirements.

11. No other employee was required to meet these requirements.

12. Gregory met these requirements.

13. In mid-December 2010, Healthnet, Inc. began hiring a new analyst. Gregory was part of the hiring team.

14. During the hiring process, Lauren Borgmann complained that one of the applicants, who had previously worked for Healthnet, had not disclosed her pregnancy during a previous interview for the position and that Healthnet management had found out only after she had gotten the job.

15. Gregory complained that pregnancy was not a valid reason to disqualify the interviewee from the job but was told by Borgmann that given the demanding schedule at Healthnet, "pregnancy was a liability." Gregory indicated to Borgmann that she believed this was discriminatory.

16. After she opposed Borgmann's discrimination, Gregory was treated differently by Healthnet.

17. Gregory reported Borgmann's comments to an HR employee at IU Health, who managed Healthnet, Inc.'s Human Resources.

18. Healthnet, Inc., and IU Health were joint employers of Amy Gregory.

19. Gregory also reported that she believed she was being discriminated against because of her comments to Borgmann opposing discrimination.

20. The HR employee told Gregory that she might not be a good fit for Healthnet, Inc.

21. Three weeks later, on January 20, 2011, Gregory was informed that she could either resign or be terminated.

22. Gregory resigned.

## ADMINISTRATIVE PROCEDURES

23. Gregory filed a timely charge of discrimination on January 24, 2011 under the number 846-2011-28324. A copy of this charge is attached hereto as Exhibit A.

24. Gregory timely amended her charge of discrimination on November 3, 2011. A copy of this amended charge is attached hereto as Exhibit B.

25. The EEOC had jurisdiction over that charge for more than 180 days, and on January 31, 2012, it issued Gregory a Notice of Right to Sue which was received on February 1, 2012. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit C.

## COUNT I - DISCRIMINATION ON THE BASIS OF DISABILITY

26. All previous paragraphs are hereby incorporated by reference.

27. Gregory is a qualified individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

28. Gregory has a record of disability and was regarded as having a disability by Defendants within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

29. During her course of employment with Healthnet, Inc., Gregory was an "employee" of Healthnet, Inc., and IU Health, within the meaning of the ADA, 42 U.S.C. § 12111(4).

30. Healthnet, Inc., employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

31. IU Health employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

32. Healthnet, Inc., and IU Health engaged in unlawful discrimination in violation of the ADA, as amended by the ADAAA, when they altered Gregory's schedule and work requirements because of her disability and perceived disability.

33. Healthnet, Inc., and IU Health have engaged in discriminatory treatment of Gregory on the basis of disability and have acted with malice or reckless disregard of Gregory's rights as a disabled employee in violation of the ADA as amended by the ADAAA.

## COUNT II - RETALIATION FOR OPPOSING DISCRIMINATION

34. All previous paragraphs are hereby incorporated by reference.

35. During the course of her employment at Healthnet, Inc., Gregory was an "employee" of Healthnet, Inc., and IU Health within the meaning of Title VII, 42 U.S.C. § 2000e(f).

36. Healthnet, Inc., employs more than fifteen employees and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

37. IU Health employs more than fifteen employees and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

38. IU Health and Healthnet, Inc., engaged in unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a) when they terminated Gregory in retaliation for her opposition to their discriminatory practices.

**WHEREFORE**, Plaintiff Amy Gregory prays for the judgment of this Court against Defendants as follows:

A. An award of backpay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Defendants' discrimination and retaliation.

B. Compensatory damages in an amount to be determined by a jury to compensate Gregory for the emotional distress and mental anguish that she has suffered because of Defendants' discriminatory and retaliatory conduct.

C. An award of punitive damages in an amount to be determined by a jury to punish Defendants for their unlawful conduct which was malicious or undertaken with reckless indifference to Plaintiff's rights and to deter others from similar conduct.

D.  An award of attorneys fees and costs.

E.  Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

_____
Jeffrey A. Macey, Atty. No. 28378-49
Attorneys for Plaintiff

### JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON AND ALLMAN**

_____
Jeffrey A. Macey, Atty. No. 28378-49
Attorney for Plaintiff

MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317) 637-2345
Facsimile: (317) 637-2369
E-mail: jmacey@maceylaw.com