**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMY MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00567-TWP-DKL |
| ) | |
| INDIANA UNIVERSITY HEALTH, INC. and ) | |
| HEALTHNET, INC., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION TO RECONSIDER**

This matter is before the Court on Defendants' Indiana University Health, Inc. ("IU Health") and Healthnet, Inc. ("Healthnet") (collectively, "Defendants") Motion to Reconsider, in Part, Entry on Motion for Summary Judgment (Dkt. 51). Reconsideration of summary judgment under Federal Rule of Civil Procedure 59(e) is appropriate "if there has been a mistake of law or fact." *Demos v. City of Indianapolis*, 139 F. Supp. 2d 1026, 1027 (S.D. Ind. 2001) *aff'd*, 302 F.3d 698 (7th Cir. 2002) (quoting *Smith v. Apfel*, No. 97 C 3173, 1999 WL 410018, at *2 (N.D. Ill. May 27, 1999)). "The rule essentially enables a district court to correct its own error, sparing the parties and the appellate courts the burden of unnecessary appellate procedures." *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Healthnet argues that the Court applied the incorrect standard of causation for a retaliation claim brought under Title VII, citing to *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (2013) in support of their argument. In *Nassar*, the Supreme Court held "Title VII retaliation claims must be proved according to traditional principles of "but-for" causation, not the lessened causation test stated in § 2000e–2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of

the employer." *Nassar*, 133 S. Ct. at 2533. Admittedly, the Court did not apply this more recently articulated standard, and instead applied the prior standard which stated that a plaintiff could prove causation in a retaliation claim by showing that her complaints were a "substantial motivating factor" in an employer's decision to terminate her. *Coleman v. Donahoe*, 667 F.3d 835, 860 (7th Cir. 2012) (citing *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 686 (7th Cir. 2008)) (additional citations omitted).

However, even applying the but-for causation standard articulated in *Nassar*, when viewing the facts in light most favorable to Ms. Martinez, a jury could infer that her complaints about unlawful conduct under Title VII were the but-for cause of her termination, and that the asserted reasons for her termination were pretext for discrimination. As stated in the Court's Entry (Dkt. 48 at 11-12), suspicious timing coupled with other circumstantial evidence, such as an employer's sudden dissatisfaction with an employee's performance after that employee engaged in protected conduct, may satisfy the causation element of a plaintiff's *prima facie* case. The fact that Ms. Martinez began receiving increased scrutiny, including having to submit time sheets as a salaried employee when no other employees had to do so, the fact that she was told her position may not be a "good fit" for her shortly after making her complaint, and the fact that she was terminated shortly after complaining of unlawful activity is enough of a "convincing mosaic" of circumstantial evidence to create a question of fact for the jury on the issue of causation.

Defendants assert that Ms. Martinez was terminated for being tardy multiple times, falsifying her timesheet on one occasion, and lack of professionalism. However, as noted previously, the evidence shows that Ms. Borgmann scrutinized and became more critical of Ms. Martinez following her complaint in the hiring meeting. While it is true that Ms. Martinez

previously had problems with tardiness following the change in her work schedule, at the January 6, 2011 meeting between Ms. Martinez, Ms. Borgmann and Dr. Trainor, Ms. Borgmann noted in her meeting notes that Ms. Martinez had improved her attendance and tardiness. Dkt. 43-7 at 1-3. The evidence also indicates that following her complaint about Ms. Borgmann's alleged discriminatory comment, Ms. Borgmann began documenting every conversation with Ms. Martinez, requested weekly meetings, and began to have complaints about Ms. Martinez's professionalism, including focusing on things such as the volume of Ms. Martinez's voice and laugh. Dkt. 43-5 at 1. "[A]n employer's sudden dissatisfaction with an employee's performance after that employee engaged in a protected activity may constitute circumstantial evidence of causation." *Culver v. Gorman & Co.*, 416 F.3d 540, 546 (7th Cir. 2005).

> The ultimate question the parties and the court always must answer is whether it is more likely than not that the plaintiff was subjected to the adverse employment action because of his protected status or activity. To answer that question, the individual "bits and pieces" presented by the plaintiff must be put into context and considered as a whole. All reasonable inferences, of course, must be drawn in favor of the non-moving party. Only then can it be seen whether the plaintiff's evidence amounts to a "convincing mosaic" sufficient to withstand a motion for summary judgment or judgment as a matter of law.

*Hobgood v Illinois Gaming Bd.*, 731 F.3d 635, 644 (7th Cir. 2013).

When considering the "bits and pieces" presented by Ms. Martinez and drawing all inferences in her favor, the Court finds that the jury should weigh the evidence and determine whether Ms. Martinez would not have been terminated but-for her protected conduct.[1]

Based upon the forgoing, Healthnet's Motion to Reconsider Summary Judgment (Dkt. 51) is **GRANTED in part** and **DENIED in part**. The Court finds that the "but-for" standard of

---

[1] Healthnet argues that it is entitled to summary judgment on Ms. Martinez's retaliation claim because she was not meeting her employer's legitimate employment expectations. However, as Ms. Martinez is proceeding under the direct method; she is not required to show that she satisfies this element, which is an element of an employee's *prima facie* case under the indirect method. Ms. Martinez's job performance will be one of the many pieces of evidence that the jury will have to weigh in order to determine whether retaliation was the but-for cause of her termination.

causation is applicable to retaliation claims under Title VII; however, even applying this stricter standard, Ms. Martinez's retaliation claim still survives summary judgment.

**SO ORDERED.**

Date: 01/28/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com