# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY MARTINEZ, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CLARIAN HEALTH PARTNERS, INC., | ) No. 1:12-cv-00567-TWP-DKL |
| HEALTHNET, INC., | ) |
| INDIANA UNIVERSITY HEALTH, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ENTRY ON MOTIONS *IN LIMINE*

This matter is before the Court on Motions *in Limine* filed by Defendants Indiana University Health, Inc. and Healthnet, Inc. (collectively "IU Health") (Dkt. 52) and Plaintiff Amy Martinez ("Ms. Martinez") (Dkt. 61). The Court will address each motion *in limine* in turn, and will address additional facts relevant to each motion as needed.

## I. BACKGROUND

The facts of this case are set forth at length in the Court's Entry on IU Health's Motion for Summary Judgment. (Dkt. 48). In short, Ms. Martinez was employed by IU Health as an Electronic Medical Records Analyst from August 23, 2010 until she was terminated on or about January 21, 2011. She alleges that she was terminated in retaliation for complaints about alleged discriminatory hiring practices by her supervisor, Lauren Borgmann.

## II. LEGAL STANDARD

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be

deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## III. DISCUSSION

### A. Ms. Martinez's Motion *in Limine* (Dkt. 61)

Ms. Martinez asks the Court to exclude any testimony regarding her two divorces and bankruptcies filed prior to this action. IU Health has not filed any objection to the exclusion of this evidence, and the Court finds that it is not relevant to the claims or arguments of either party, and is therefore inadmissible under Federal Rule of Evidence 401. Therefore, the Court **GRANTS** Ms. Martinez's Motion *in Limine*. (Dkt. 61)

### B. IU Health's Motion *in Limine* (Dkt. 52)

IU Health's motion *in limine* asks the Court to exclude thirteen categories of evidence at trial. Ms. Martinez does not object to the exclusion of evidence related to settlement negotiations or compromise; non-disclosed expert opinion; the filings of the parties' motions *in limine*, summary judgment, and any pre-trial discovery requests, disputes, and/or motions; and the affidavits of nonparties Lisa Utter and Melinda Rosa. As to these categories of evidence, IU Health's motion is **GRANTED**. Ms. Martinez objects to the exclusion of the remaining categories of evidence in IU Health's motion. Each of the remaining categories will be addressed in turn.

#### 1. Evidence regarding front pay and back pay

IU Health objects to the admission of evidence pertaining to the issue of front pay and back pay and argues that such evidence should not be presented to the jury, as the determination of the award of front pay and back pay is an equitable determination to be made by the court

following a finding of retaliation by the jury. Ms. Martinez argues that evidence relating to back and front pay are relevant to other compensatory damages in this case. The Court agrees with IU Health that back pay and front pay awards under Title VII are equitable issues for the Court's determination rather than the jury's; however, such evidence may be relevant to show how the pay differential resulted in other compensatory damages. *Frazier v. Ind. Dep't of Labor*, No. IP 01-198-C-TK, 2003 WL 21254424 (S.D. Ind. Mar. 17, 2003) (order *in limine* precluding evidence of front or back pay did not preclude general reference to the existence of pay differential if it is linked to a claim for mental anguish or emotional distress). Ms. Martinez has stipulated that she does not seek compensatory damages due to mental anguish and emotional distress, but she may present such evidence as it relates to future pecuniary losses and other nonpecuniary losses, such as lost future earning capacity. *See* 42 U.S.C. § 1981a(b)(3); *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953 (7th Cir. 1998) ("Lost future earning capacity is a nonpecuniary injury for which plaintiffs may be compensated under Title VII."). Therefore, IU Health's motion as to this issue is **GRANTED.** This ruling however does not preclude evidence of pay differential as it relates to lost future earnings.

2. **Evidence regarding compensatory damages relating to mental anguish, emotional distress, and health benefits**

IU Health asks the Court to exclude any evidence regarding compensatory damages relating to mental anguish, emotional distress, and medical expenses associated with loss of health insurance benefits. Ms. Martinez concedes that she is not seeking damages for mental anguish and emotional distress, but she does not specify what other type of compensatory damages she is seeking based upon her loss of health benefits. Recovery for lost health insurance benefits is an equitable remedy properly included in a back pay award. *U.S. E.E.O.C.*

*v. Custom Companies, Inc.*, No. 02 C 3768, 2007 WL 734395, at *14 (N.D. Ill. Mar. 8, 2007). Because Ms. Martinez has not indicated that she intends to offer this evidence for any other purpose that would properly be before the jury, IU Health's motion as to this issue is **GRANTED**.

### 3. Any self-serving testimony of Plaintiff's performance

IU Health argues that Ms. Martinez's testimony regarding her job performance would be self-serving and is therefore inadmissible. While self-serving testimony about an employee's performance is insufficient to create an issue of material fact by contradicting an employer's assessment of her ability at summary judgment, *Gustovich v. AT&T Comm., Inc.*, 972 F.2d 845, 848 (7th Cir. 1992), Ms. Martinez's evidence of her job performance is clearly relevant at trial on the issue of pretext. Therefore, IU Health's motion on this issue is **DENIED**.

### 4. Evidence concerning IU Health's size, profitability, comparative wealth, or availability of insurance

IU Health asks the Court to exclude evidence concerning IU Health's wealth, assets, or financial position, as well as its ability to pay any judgment obtained by Ms. Martinez in this case, arguing that it would be prejudicial. IU Health also argues that its size, profitability, number of employees, number of hospitals or divisions, or comparative wealth is irrelevant. Evidence regarding IU Health's net worth and relative net worth is relevant to the issue of punitive damages, as the jury must be able to determine what an adequate amount would be to punish and deter future conduct relative to the size of the organization. *See E.E.O.C. v. Staffing Network*, No. 02 C 1591, 2002 WL 31473840, at *4 (N.D. Ill. Nov. 4, 2002) (stating that a majority of courts addressing the issue have found that evidence of corporate defendants' financial information is relevant to the issue of punitive damages). IU Health's organizational

structure is also relevant to Ms. Martinez's claims, as she worked at multiple Healthnet locations, and it is relevant to the reporting hierarchy of the company. The Court finds that the danger of unfair prejudice is not outweighed by the probative value of this evidence, therefore IU Health's motion on these issues is **DENIED**.

> 5. **Any evidence of EEOC charges or other actions not involving Plaintiff**

IU Health seeks to exclude evidence of any other allegations of discrimination asserted, filed, or settled against IU Health. This evidence is not admissible to prove that IU Health has the propensity to commit the discriminatory acts alleged under Federal Rule of Evidence 404, and evidence of this nature regarding pending charges may be unduly prejudicial to IU Health. Fed. R. Evid. 403. Further, pending and settled matters are not evidence of wrongdoing, as not all claims and EEOC charges have merit, and settlements are not admissions of liability. In addition, it is well established that EEOC charges, grievances and claims, as well as the investigation and resolution of those claims, are inadmissible. *Tulloss v. Near N. Montessori Sch.*, 776 F.2d 150, 154 (7th Cir. 1985). The Court finds that Ms. Martinez may not present evidence regarding EEOC charges, pending matters or other actions related or unrelated to employment discrimination. Therefore, the Court **GRANTS** IU Health's motion on this issue.

> 6. **Evidence relating to Melinda Rosa's complaints regarding Dr. Trainor and the terms of her departure from IU Health**

IU Health asks the Court to exclude evidence relating to Melinda Rosa's ("Ms. Rosa") complaint regarding Dr. Trainor and the terms of her departure from IU Health. The Seventh Circuit has held that "'behavior toward or comments directed at other employees in the protected group' is one type of circumstantial evidence that can support an inference of discrimination." *Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 529 (7th Cir. 2008) (quoting *Hemsworth v.*

*Quotesmith.Com, Inc.*, 476 F.3d 487, 491 (7th Cir. 2007)). "[W]hether such evidence is relevant depends on a variety of factors, including 'how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" *Id.* (quoting *Sprint/United Mgmt. Co. v. Mendelsohn*, 128 S.Ct. 1140, 1148 (2008)).

In her declaration, Ms. Rosa states that she was terminated after complaining about Dr. Trainor's "inappropriate and abusive" management style. Dkt. 43-17 at 2. The circumstances of Ms. Rosa's termination differ from Ms. Martinez's case because (1) Ms. Rosa did not state that she made a complaint about unlawful discrimination, only that she complained about Dr. Trainor's management style, and (2) Ms. Rosa made complaints about Dr. Trainor and not Ms. Martinez's supervisor, Laura Borgmann. The Court finds that the circumstances of Ms. Rosa's termination are not sufficiently related to be relevant as "me too" evidence, and any probative value would be outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403. Therefore, IU Health's motion on this issue is **GRANTED**.

7. **Reference to specific acts of discrimination asserted by Plaintiff that were not raised in her EEOC charge of discrimination**

IU Health argues that evidence of other acts of discrimination or retaliation that were not included in Ms. Martinez's EEOC Charge of Discrimination should be excluded. The Supreme Court has determined that even where alleged discriminatory acts are not actionable because they were not included in an EEOC charge of discrimination and were time barred, "[i]t may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002) (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)). It is the claim itself that is barred, not evidence related to the alleged discriminatory actions. Thus, the Court finds that this evidence

6

may be relevant to Ms. Martinez's current retaliation claim, and IU Health's motion in this issue is **DENIED**.

8. **Other lawsuits involving IU Health or its divisions**

IU Health asks the Court to exclude evidence of other lawsuits involving IU Health or its divisions as irrelevant and/or prejudicial. Ms. Martinez argues that such evidence may be relevant to the issue of punitive damages because the jury will be instructed to consider the likelihood that IU Health would repeat the conduct if an award of punitive damages is not made. *See Alexander v. City of Milwaukee*, 474 F.3d 437, 454 (7th Cir. 2007) ("[J]ury was instructed to consider the reprehensibility of the Defendants' conduct and the likelihood that a defendant would repeat the conduct absent an award of punitive damages."). While evidence of judgments against IU Health in similar cases may be probative on this issue, evidence of pending lawsuits or lawsuits unrelated to claims of retaliation are not relevant to Ms. Martinez's claim. Ms. Martinez may present evidence related to specific judgments against IU Health on retaliation claims for purposes of showing entitlement to punitive damages, but she may not offer evidence of pending lawsuits or judgments unrelated to claims of retaliation. Therefore, IU Health's motion on this issue is **GRANTED in part and DENIED in part**.

9. **Reference to alleged disability discrimination**

Finally, IU Health seeks to exclude references to Ms. Martinez's claim for disability discrimination, including reference to her pulmonary embolism and treatment for this condition. Ms. Martinez may not be permitted to present evidence and testimony regarding her disability discrimination claim, as these claims were dismissed on summary judgment and are therefore irrelevant to her retaliation claim. Dkt. 48; *see Williams v. Lovchik*, No. 1:09-CV-1183-TWP-DML, 2012 WL 2930773, at *1 (S.D. Ind. July 18, 2012) ("[I]t would be improper to allow

Plaintiff to introduce evidence, testimonial or otherwise, regarding the previously dismissed claims.") (quoting *Tompkins v. Eckerd*, No. 8:09-02369-JMC, 2012 WL 1110069, at *3 (D.S.C. April 3, 2012). Thus, any evidence presented for purposes of proving that Ms. Martinez had a disability or that she was terminated based upon an alleged disability is irrelevant and inadmissible. However, evidence related to Ms. Martinez's hospitalization and treatment of her pulmonary embolism is relevant to her claim, as it provides context to her work schedule and the expectations of her supervisors. Therefore, the Court **DENIES** IU Health's motion on this issue.

## IV.     CONCLUSION

For the reasons set forth above, Ms. Martinez's Motion *in Limine* (Dkt. 61) is **GRANTED**. IU Health's Motion *in Limine* (Dkt. 52) is **GRANTED in part** and **DENIED in part**. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 02/10/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Theresa Renee Parish
LEWIS WAGNER LLP
tparish@lewiswagner.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com